UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| XENERGA, INC., | ) | Case No.  6:09-bk-13954-KSJ |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |

MEMORANDUM OPINION
DENYING APPROVAL OF COMPROMISE OF CONTROVERSY

Before this bankruptcy case was filed, two of the debtor's unsatisfied customers, North Texas Alternative Energy, LLC, and NTAE Biofuel Mfg., LLC (together, "NTAE"), sued the debtor and three insiders in state court alleging numerous causes of action arising from a breach of contract between the parties.  The Chapter 7 trustee, Marie Henkel, now seeks approval to settle NTAE's claims against the debtor's insiders for $80,000, arguing that the claims actually are "alter ego" claims which are subject to her administration and that she has not authorized NTAE to continue prosecuting the claims.  NTAE objects to the proposed compromise, arguing the trustee cannot settle NTAE's "direct" claims against the insiders for their individual liability to NTAE because such claims do *not* belong to the estate.  The Court denies approval of the settlement because NTAE has alleged at least two direct claims against the insiders that the trustee indeed cannot settle.

On April 21, 2009, NTAE filed a complaint against Xenerga, Raptor Fabrication & Equipment, Inc.,[1] Filta Group,[2] Victor Clewes, and Jason Sayers (Clewes and Sayers together,

---

[1] NTAE's claims against Raptor raised in Count 11 of the state court complaint are resolved.  Raptor is no longer a party to the state court suit.  However, the Court is unclear as to whether NTAE is still pursuing Clewes and Sayers individually on an alter ego theory of liability in connection with its breach of contract, negligent misrepresentation, and unjust enrichment causes of action against Raptor.  To be thorough, the Court assumes NTAE has not yet abandoned such causes of action for purposes of this order.

[2] Filta Group, formerly the debtor's landlord, is a related entity that also is owned and operated by Clewes and Sayers.

the "Principals") in the Circuit Court of the Ninth Judicial Circuit for Orange County, Florida.[3] NTAE brought claims for breach of contract, fraud in the inducement, breach of fiduciary duty, negligent misrepresentation, violations of Florida's Uniform Fraudulent Transfer Act ("FUFTA"), declaratory judgment, violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), conspiracy, and unjust enrichment. This state court action was stayed as to the debtor when, on September 18, 2009, Xenerga filed this Chapter 7 bankruptcy case.[4] Ms. Henkel later was appointed the Chapter 7 trustee.

On October 22, 2010, the trustee filed her Motion for Approval and Notice of Compromise of Controversy attaching a proposed stipulation[5] that seeks to settle all "insider preference claims, fraudulent transfer claims and alter ego claims, sounding in breach of fiduciary duty, conspiracy, unjust enrichment, fraud in the inducement and violation of Florida Deceptive and Unfair Trade Practices Act" (the "Claims") brought by NTAE against the Principals and Filta. For $80,000, the trustee agrees to release the Principals and Filta from the Claims asserted by NTAE in the state court complaint inasmuch as the Claims arguably constitute "general claims" that only the trustee can assert.

NTAE objects to the trustee's settlement for two reasons: (1) the trustee is attempting to settle claims she has no authority to settle because they are not property of the estate, and (2) even if the trustee does have authority to settle such claims, the compromise is not in the best interest of creditors under the *Justice Oaks*[6] standard. The trustee responds that *all* of NTAE's state court claims against the Principals are derivative "alter ego" claims that belong to all

---

[3] Case No. 09-CA-12495 (Ex. 1, Doc. No. 70).

[4] On August 2, 2010, the Florida Circuit Court entered an Order Granting in Part and Denying in Part Motion to Stay Proceedings as to the Principals, which stayed NTAE's claims against Clewes and Sayers for breach of contract and unjust enrichment but allowed all other claims to proceed "unless and until the automatic stay provision in Xenerga, Inc.'s bankruptcy case, Case No. 6:09-bk-13954, in the Middle District of Florida, Orlando Division is deemed to apply to these claims." Ex. 6 (Doc. No. 70).

[5] Doc. No. 53.

[6] *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990).

creditors generally, and thus belong to the estate and are subject to administration by her alone. The trustee also evaluated her claims against the Principals and, in her sound business judgment, argues that the $80,000 settlement is in the best interest of the estate.

The threshold issue is whether the trustee has authority to settle the claims. Section 541(a) of the Bankruptcy Code[7] defines a debtor's bankruptcy estate to include "all legal and equitable interests of the debtor in property as of the commencement of the case." This includes legal causes of action the debtor had against others as of the commencement of the bankruptcy case.[8] Only a bankruptcy trustee has standing to assert causes of action that belong to the estate, and any similar lawsuits brought by individual creditors are subject to the automatic stay provision of § 362(a)(3).[9] Likewise, the trustee has no right to bring claims that belong solely to the estate's creditors.[10]

Under Florida law, an alter ego claim is an action to impose liability on a corporation's principals or related entities where a corporation was "organized or used to mislead creditors or to perpetrate a fraud upon them."[11] In such circumstances Florida courts will "pierce the corporate veil" upon finding by a preponderance of the evidence that:

> (1) [a] shareholder dominated and controlled the corporation to such an extent that the corporation's existence, was in fact nonexistent and the shareholders were in fact alter egos of the corporation;
>
> (2) the corporate form must have been used fraudulently or for an improper purpose; and
>
> (3) the fraudulent or improper use of the corporate form caused injury to the claimant.[12]

---

[7] All references to the Bankruptcy Code are to Title 11 of the United States Code.
[8] *Icarus Holding*, 391 F.3d at 1319.
[9] *Id.*
[10] *See, e.g., Caplin v. Marine Midland Grade Trust Co.*, 406 U.S. 416 (1972).
[11] *Seminole Boatyard, Inc. v. Christoph*, 715 So.2d 987, 990 (Fla. 4th DCA 1998).
[12] *Id.*

The Eleventh Circuit Court of Appeals has held an alter ego action belongs to the bankruptcy estate under § 541 if (1) it is "a general claim that is common to all creditors," and (2) state law allows the corporate entity to bring an alter ego action against its principal.[13] An alter ego claim is a general one when liability extends "to all creditors of the corporation without regard to the personal dealings between such officers and such creditors."[14] In other words, if the injury alleged in the alter ego action is an injury to the corporation and thus suffered generally by all creditors, and is not an injury inflicted directly on any one creditor, the trustee has exclusive standing to bring such an alter ego action. Conversely, a trustee may not bring an alter ego claim if the alleged injury is specific to one creditor and not to the debtor corporation and creditors generally.[15]

The alter ego allegations raised in NTAE's complaint raise a general claim that is common to all creditors:[16]

> 65. Clewes and Sayers dominated and controlled both Xenerga and FiltaFry in such a way that the companies were in essence merely an alter ego used for their personal benefit.
>
> * * *
>
> 69. Xenerga and FiltaFry were merely a device or sham by which Clewes and Sayers secured huge up front deposits from 'customers' and then absconded with their money and/or hiding asserts by transferring sums between the two companies without consideration, and with the ultimate goal of defrauding the Xenerga clientele, such as Plaintiffs.
>
> 70. Upon information and belief, the corporate property of Xenerga was converted and/or depleted for the benefit of FiltaFry, and ultimately Clewes and Sayers, including but not limited to the purpose of funneling funds into their new FiltaFry project in anticipation of walking away from Xenerga.

---

[13] *Icarus*, 391 F.3d at 1321.
[14] *Id.* (quoting *Koch Refining v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339, 1349 (7th Cir. 1987).
[15] *Id.*; *Steinberg v. Buczynski*, 40 F.3d 890, 893 (7th Cir. 1994).
[16] Ex. 1, ¶¶ 56-70.

NTAE thus alleges the Principals should be liable for *all* of Xenerga's corporate debts because their actions wrongfully depleted its assets.  NTAE's alter ego allegations describe a harm suffered by *all* of Xenerga's creditors, not just NTAE, and therefore are general to all of Xenerga's creditors.  The trustee is the proper party to assert such an alter ego action.  NTAE's alter ego claims belong to the estate under § 541.

As to whether Florida law allows the trustee to bring an alter ego action, the Court finds Florida law would allow a corporation to pierce its own corporate veil in an alter ego action against the corporation's principals.  Under Florida case law, the purpose of an alter ego action or an action to "pierce the corporate veil" is to disregard the corporate entity in circumstances where it would be inequitable to allow a corporation's principals to hide behind the corporate form.[17]  In elaborating on this standard, the Florida Supreme Court has stated a plaintiff must show that a corporation

> was organized…for fraudulent or misleading purposes, or in some fashion that the corporate property was converted *or the corporate assets depleted for the personal benefit of the individual stockholders*, or…in general, that property belonging to the corporation can be traced into the hands of the stockholders.[18]

As such, under Florida law, an injured party may pierce the corporate veil if insiders abuse the corporate form and injured a party.  Trustees who represent the interest of all unsecured creditors of a debtor corporation are in the best position to assert claims against abusive insiders who have harmed the general creditor body as a whole.  Therefore, the Court finds that Florida law allows a Chapter 7 trustee to bring an alter ego action against a debtor's principals if they manipulated the corporation specifically to injure the corporation's creditors.  Accordingly, because NTAE's alter ego claim is one general to all creditors in this case, and because the Court finds Florida law

---

[17] *See Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So.2d 1114, 1118 (Fla. 1984).

[18] *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So.2d 1114, 1120 (Fla. 1984) (quoting *Advertects, Inc. v. Sawyer Industries, Inc.*, 84 So.2d 21 (Fla. 1955)) (emphasis added).

would allow the trustee to bring an alter ego claim against the Principals, NTAE's alter ego claim belongs to the estate and is most properly brought by the Chapter 7 trustee.

Having held that *only* the Chapter 7 trustee may bring an alter ego claim on behalf of the general creditor body of a debtor corporation, the next issue is whether *all* of NTAE's claims are derivative of its alter ego allegations, which NTAE can no longer pursue and which the trustee can settle, or, instead, whether NTAE has alleged any direct claims against the Principals and Filta. The Claims are derivative if they rely upon a finding of alter ego liability against the Principals but are direct if the Principals' liability is entirely independent of any alter ego finding.

The vast majority of NTAE's Claims are indirect claims derivative of an alter ego action. Specifically, the Principals are liable under NTAE's causes of action for breach of contract (Count I),[19] fraud in the inducement (Count III), breach of fiduciary duty (Count V),[20] negligent misrepresentation (Count VI), fraudulent transfer (Count VII), declaratory judgment (Count VIII), and unjust enrichment (Counts XI and XII) (the "Indirect Claims") *only* if a court first pierces the debtor's corporate veil to hold the Principals individually liable for *all* of the corporation's debts. A cursory review of the complaint indicates that for each of these counts primarily asserted against Xenerga, NTAE simply tacked on allegations that the Principals are each individually liable for Xenerga's liabilities "by reason of the specific allegations contained herein," clearly referring to the alter ego allegations set forth in ¶¶ 56-70 of the complaint. Thus, NTAE's Indirect Claims are not separate causes of action from the identical claims asserted against Xenerga and Raptor within each count; they are merely derivative of such claims. The trustee, and only the trustee, can prosecute the alter ego claims raised in Counts I, III, V, VI, VII,

---

[19] NTAE's breach of contract claim against Raptor (Count II) has been resolved to the extent Raptor is no longer a defendant to the state court action.

[20] The amended complaint is numbered incorrectly and does not have a Count IV. Regardless, the Court refers to the count numbers as stated in the amended complaint.

VIII, XI, and XII.  Because these claims only raise derivative claims relying on Xenerga's allegedly improper conduct, only the trustee can prosecute and settle (or not) these claims.  The automatic stay applies to the indirect claims.

NTAE, however, has raised two direct claims against the Principals that do not rely upon either an alter ego finding or the debtor's independent liability: (1) its claim that the Principals are each individually liable under the Florida Deceptive and Unfair Trade Practices Act (Count IX), and (2) its claim that the Principles and Filta conspired with Xenerga to violate FDUTPA and commit other wrongful actions (Count X).  Well established Florida case law holds that claims against a corporation's principal under the FDUTPA need only "allege that the individual was a direct participant in the improper dealings."[21]  Piercing the corporate veil is unnecessary to find a corporation's principal individually liable.[22]  NTAE thus need not bring an alter ego action to establish the Principals' liability under the FDUTPA.  Accordingly, NTAE's claim under FDUTPA *is* a direct claim against the Principals that belongs solely to NTAE and not the estate.

Likewise, NTAE's conspiracy claim is directly against the Principals and Filta.  The claim alleges Clewes and Sayers each conspired with Xenerga and Filta to commit unlawful acts, including fraudulent inducement into two contracts, fraudulent transfer of funds, violation of the FUDTPA, and breaches of fiduciary duties.  The claim does not rely upon an alter ego finding because it alleges the Clewes and Sayers are liable in their capacity as individuals for conspiring with Xenerga and Filta.  Thus, to the extent NTAE's conspiracy claim is a viable claim it is a direct claim against the Principals and Filta.

Because two of the Claims the trustee seeks to settle are direct claims held by NTAE against non-debtors, the trustee cannot settle these two claims.  The proposed compromise

---

[21] *KC Leisure, Inc. v. Haber*, 972 So.2d 1069, 1074 (Fla. 4th DCA 2008); *Aboujaoude v. Poinciana Development Co. II*, 509 F.Supp.2d 1266 (S.D. Fla. 2007); *Anden v. Litinsky*, 472 So.2d 825 (Fla. 4th D.C.A. 1985).

[22] *Rollins, Inc. v. Heller*, 454 So.2d 580 (Fla. 3d DCA 1984) (noting it is unnecessary to pierce the corporate veil because the individual defendant was a direct participant in the dealings).

improperly attempts to settle claims that are not property of the debtor's estate under § 541 of the Bankruptcy Code. Accordingly, the Court will deny approval of the compromise.[23] Moreover, for the reasons stated above, the Court holds that the automatic stay imposed by § 362(a)(3) of the Bankruptcy Code applies to all counts and causes of action in NTAE's state court amended complaint *except* for its direct claims against Clewes and Sayers under the FDUTPA in Count IX, and its direct claims against Clewes, Sayers, and Filta for civil conspiracy in Count X. All other claims against Clewes, Sayers, and Filta are stayed because they are derivative of the debtor's liability to NTAE and only the trustee may prosecute such claims on behalf of the estate.

A separate order consistent with this memorandum opinion will be entered simultaneously.

DONE AND ORDERED in Orlando, Florida, on May 24, 2011.

KAREN S. JENNEMANN
United States Bankruptcy Judge

---

[23] Doc. No. 53.

Copies provided to:

Debtor:  Xenerga, Inc., 7075 Kingspointe Parkway, Suite 1, Orlando, FL  32819

Attorney for Debtor:  Maureen A. Vitucci, Gray Robinson, PA, 301 E. Pine Street, Suite 1400, Orlando, FL  32802

Trustee:  Marie E. Henkel, 3560 S. Magnolia Avenue, Orlando, FL  32806

Attorney for Trustee:  Richard Blackstone Webber, II, Zimmerman Kiser & Sutcliffe PA, 315 E. Robinson Street, Suite 600, Orlando, FL  32801

Catherine Palumbo, Esquire, McCorkle & Johnson, LLP, 319 Tattnall Street, Savannah, GA  31401

United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL  32801

All creditors and interested parties